HELEN SEARS, Respondent, v. JOSEPH M. SEARS, Appellant.— Appeal from an order fixing the amount of unpaid alimony owing to plaintiff under a judgment in a divorce action. The payments to be made by defendant were fixed by an agreement between the parties which was incorporated in the judgment. It provides: " That in the future the party of the second part [plaintiff-respondent] shall receive from the party of the first part [defendant-appellant], upon application and proof satisfactory to the Supreme Court by the moving party of a change in wages or income, one quarter of his weekly wage, dependent solely upon said wage." It is stated in defendant's affidavit and not disputed " that during said period [March, April and May, 1937] this deponent was unable to work and had no salary or income from any source." This is corroborated by the affidavit of a physician. Defendant's affidavit further states: " That prior to April 26, 1939, your deponent was informed by a mutual friend of the parties hereto that the plaintiff had remarried." The judgment provided that upon the remarriage of the plaintiff payments of alimony should cease. The order appealed from was made on August 28, 1939. It appears that on or about April 26, 1939, defendant-appellant wrote plaintiff asking as to her reported remarriage. Nothing appears in the record to dispute the rumor except a statement in the memorandum by the court as follows: " On the oral argument counsel for the plaintiff produced a telegram from the plaintiff stating that she had not remarried." Appellant should be relieved from payments for March, April and May, 1937. A new hearing should be held to ascertain and determine whether or not plaintiff-respondent has remarried. Order reversed, on the law and the facts, without costs, and a new hearing to be had as to whether or not plaintiff has remarried. Respondent [appellant] is relieved of payments on account of the months of March, April and May, 1937. Defendant-appellant's obligation to pay the premium on insurance policy mentioned in the agreement is not affected and the payments are to be continued. Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ., concur.